**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MARSHALL AINLEY<br>2200 N. E. 33rd Avenue<br>Apartment 15G<br>Fort Lauderdale, FL 33305<br><br>ERIN BERTRAM<br>2109 Kipling Street<br>Bayton, TX 77550<br><br>and<br><br>BILL VAN LOO<br>8293 Gannon Circle<br>Easton, MD 21601<br><br>    Plaintiffs,<br><br>  v.<br><br>EDWARD WASHBURN<br>140 Crane Drive<br>San Anselmo, CA 94960<br><br>    Defendant. | Case No.: 1:20-cv-3825 |

**COMPLAINT**

**Introduction, Jurisdiction, and Venue**

1. This is a civil action for defamation, false light, and intentional infliction of emotional distress seeking compensatory and punitive damages and declaratory and injunctive relief.

2. Jurisdiction is conferred upon this Court by 28 U.S. Code § 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different states. Specifically, Plaintiff Marshall Ainley is a citizen of Florida, Plaintiff Erin Bertam is a citizen of Texas, Plaintiff Bill

Van Loo is a citizen of Maryland, and upon information and belief, Defendant Edward Washburn is a citizen of California.

3. Venue is proper under 28 U.S. Code § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Venue is proper under 28 U.S. Code § 1391(c) because Defendant is also subject to this Court's personal jurisdiction as Defendant has substantial contacts with this District, including conducting business within this District.

**Parties**

4. Plaintiff Marshall Ainley is the President of District No. 1, Pacific Coast District, Marine Engineers' Beneficial Association, AFL-CIO ("MEBA"), an unincorporated labor union which represents approximately 23,400 maritime employees working at ports throughout the United States and on oceangoing vessels. Mr. Ainley resides in the state of Florida at 2200 N.E. 33rd Avenue, Apartment 15G, Fort Lauderdale, FL 33305.

5. Plaintiff Erin Betram is the Gulf Coast Vice President of MEBA. Ms. Betram resides in the state of Texas at 2109 Kipling Street, Baytown, TX 77520.

6. Plaintiff Bill Van Loo is the Secretary-Treasurer of MEBA. Mr. Van Loo resides in the state of Maryland at 8293 Gannon Circle, Easton, MD 21601.

7. Upon information and belief, Defendant Edward Washburn is a Senior Vice President of Fleet Operations for the Pasha Group, a transportation and shipping company. Upon information and belief, Mr. Washburn resides in the state of California and has a mailing address of 140 San Anselmo Drive, San Anselmo, CA 94960.

**Factual Background**

8. MEBA and Pasha are parties to a collective bargaining agreement establishing the terms and conditions of employment for certain Pasha employees.

9. At all times relevant to the events described herein, MEBA and Pasha have been in negotiations to reach a new collective bargaining agreement establishing, *inter alia*, the terms and conditions of employment for employees represented by MEBA working aboard certain replacement vessels introduced into Pasha's operations.

10. Defendant Washburn is the chief negotiator for Pasha in its negotiations with MEBA.

11. MEBA's contract negotiations are coordinated through its "District Executive Committee" ("DEC"). Among other things, the members of the DEC vote on issues related to MEBA's collective bargaining agreements and contract negotiations. Plaintiffs Ainley, Bertam, and Van Loo are all members of the DEC.

12. On or about May 8, 2020, Plaintiffs became aware that Defendant Washburn intentionally sent an email to MEBA's members, among others, about Plaintiffs Ainley, Bertram, and Van Loo. A copy of this email is attached hereto as Exhibit 1.

13. Defendant Washburn's email falsely represented to MEBA members that Plaintiffs Ainley, Bertram, and Van Loo were responsible for the members being denied work opportunities on the replacement vessels introduced into Pasha's operations. Specifically, Mr. Washburn's email stated that "Ainley, van loo [sic] and Bertram are against getting the new ships," and that "Van loo [*sic*] Ainley and Bertram screwed up and now the new ships are off the table for them." Ex. 1. These statements made to MEBA members about Mr. Ainley. Ms. Bertram, and Mr. Van Loo's position on the new ships are untrue.

14. Mr. Washburn's email continued on to claim, falsely, that "Ainley and Bertram were caught making out so she is fixed," Ex. 1, meaning that Plaintiff Ainley and Plaintiff Bertram, a married individual, were engaged in an adulterous and illicit affair, and that because of this purported affair, Ms. Bertram's vote on the DEC was beholden to Mr. Ainley and to be cast against MEBA members working aboard Pasha's replacement vessels. In actuality, Mr. Ainley and Ms. Bertram have never been engaged in any such activity. The suggestion that Ms. Bertram's votes on the DEC are beholden to Mr. Ainley, or that either Mr. Ainley or Ms. Bertram oppose MEBA members working aboard Pasha's replacement vessels, is also false.

15. Mr. Washburn's email also claimed, falsely, that "Van loo [*sic*] may have to remove his 65 inch tv and fish tank from his office when word gets out how they screwed this up," Ex. 1, implying that Mr. Van Loo is engaged in some financial misconduct, embezzlement of union funds, and corruption. This too is untrue. Mr. Van Loo does not keep a 65-inch television in his office. There is a fish tank in Mr. Van Loo's office which is the property of MEBA.

16. None of Defendant Washburn's statements about Mr. Ainley, Ms. Bertam, or Mr. Van Loo have any basis in fact, and Defendant Washuburn knew the statements were untrue when he published them to MEBA members, among others.

17. Defendant Washburn purposefully sent his email specifically intending to cause emotional distress and other harm to Mr. Ainley, Ms. Bertram, and Mr. Van Loo.

18. The falsehoods in Mr. Washburn's email have caused significant professional and personal harm to Mr. Ainley, Ms. Bertram, and Mr. Van Loo. It discredited and disparaged them in the eyes of MEBA members, the maritime industry, and organized labor, as well as whomever else email was shared. The email further damaged their personal and professional characters in their communities and personal relationships and has caused severe emotional distress.

## COUNT I
## Defamation

19. Plaintiffs reallege and incorporate Paragraphs 1 through 18.

20. This claim is for defamation under District of Columbia law.

21. In sending his email to MEBA members, Defendant willfully published statements about Plaintiffs which are false and defamatory. Defendant's statements about Plaintiffs injured Plaintiffs in their trade, profession, and community standing, and lowered them in the estimation of their communities.

22. Plaintiffs are entitled to compensatory damages to redress the harm to Plaintiffs' reputations caused by Defendant's publication, punitive damages, and injunctive relief.

## COUNT II
## False Light

23. Plaintiffs reallege and incorporate Paragraphs 1 through 22.

24. This claim is for false light under District of Columbia law.

25. In sending his email to MEBA members, Defendant willfully published statements about Plaintiffs which put Plaintiffs in a false light that would be offensive to a reasonable person.

26. Plaintiffs are entitled to damages to redress the harm caused to Plaintiffs by Defendant's publication, punitive damages, and injunctive relief.

## COUNT III
## Intentional Infliction of Emotional Distress

27. Plaintiffs reallege and incorporate Paragraphs 1 through 26.

28. This claim is for Intentional Infliction of Emotional Distress under District of Columbia law.

29. In sending his email to publicly misrepresent and attack the characters of Plaintiffs Ainley, Bertram, and Van Loo, Defendant Washburn engaged in extreme and outrageous conduct that intentionally caused severe emotional distress to Plaintiffs.

30. Plaintiffs are entitled to damages to redress the harm caused to Plaintiffs by Defendant's publication, punitive damages, and injunctive relief.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant defamed and unlawfully placed Plaintiffs in a false light by sending his email;

2. Enter judgment against Defendant Washburn for compensatory damages to redress the injuries to Plaintiffs and their reputation caused by Defendant in the amount of $150,000.00, or in another amount to be proved at trial;

3. Enter punitive damages against Defendant to deter Defendant from engaging in similar unlawful conduct in the future in the amount of $150,000.00, or in another amount to be proved at trial;

4. Order Defendant to retract the statements publicized in his email and enjoin Defendant from engaging in similar public and defamatory attacks in the future;

5. Retain jurisdiction of this case pending compliance with its Orders; and

6. Grant such further relief as the Court may deem appropriate.

                                              Respectfully submitted,

                                                  /s/ Matthew D. Watts
                                              Matthew D. Watts (Bar No. 1030130)
                                              Mark J. Murphy (Bar No. 453060)
                                              Mooney, Green, Saindon, Murphy & Welch, P.C.
                                              1920 L Street NW, Suite 400
                                              Washington, DC 20036
                                              (202) 783-0010 *tel.*
                                              (202) 783-6088 *fax*
                                              mwatts@mooneygreen.com
                                              *Counsel for Plaintiffs*

Dated: December 28, 2020